IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-6-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BILL PHILMORE OAKLEY, ) | |
| ) | |
| Defendant. ) | |

On May 17, 2010, pursuant to a written plea agreement, Bill Philmore Oakley ("Oakley") pleaded guilty to conspiracy to manufacture and distribute 500 grams or more of a mixture and substance containing methamphetamine. See [D.E. 1, 63, 110]. On April 4, 2011, the court held Oakley's sentencing hearing. See [D.E. 109, 111]. At the hearing, the court resolved Oakley's objections to the Presentence Investigation Report ("PSR") and otherwise adopted the facts in the PSR. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Oakley's total offense level to be 37, his criminal history category to be V, and his advisory guideline range to be 324 to 405 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Oakley to 144 months' imprisonment. See id.; [D.E. 111]. Oakley did not appeal.

On April 28, 2015, Oakley moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 120]. On September 23, 2015, Oakley filed a memorandum of law in support of his motion for a sentence reduction [D.E. 122]. Oakley's new advisory guideline range is 262 to 327 months' imprisonment, based on a total offense level of 35 and a criminal history category of V. See Resentencing Report. Oakley requests a 120-month sentence. See id.; [D.E. 122] 1. On November 15, 2017, Oakley

moved to expedite his motion for a sentence reduction [D.E. 138].

The court has discretion to reduce Oakley's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Oakley's sentence, the court finds that Oakley engaged in serious criminal behavior. See PSR ¶¶ 7–17. The conspiracy involved approximately 672 grams of methamphetamine. See id. ¶ 17. Moreover, Oakley is a recidivist who has multiple prior convictions for larceny. See id. ¶¶ 19–39. Oakley also has prior convictions for criminal trespass, driving while impaired, death by vehicle, communicating threats, unauthorized use of a motor vehicle, misuse of the 911 system, and violating a domestic violence protective order, among others. See id. Finally, Oakley has taken some positive steps while incarcerated on his federal sentence, but has been sanctioned for possessing an unauthorized item and for stealing. See Resentencing Report; [D.E. 138]; [D.E. 122] 5–8; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Oakley received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Oakley's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Oakley's motion for reduction of sentence under

2

Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Oakley's motion for reduction of sentence [D.E. 120] and motion for an expedited ruling [D.E. 138].

SO ORDERED. This 19 day of February 2018.

JAMES C. DEVER III
Chief United States District Judge